BROUGHTY *v.* FIVE THOUSAND TWO HUNDRED AND FIFTY-SIX BUNDLES
OF STAVES, etc.

*(Circuit Court, N. D. New York.  January 30, 1885.)*

CARRIERS OF GOODS—LOSS OF GOODS—EVIDENCE.
  Decree of district court, 21 FED. REP. 590, affirmed.

In Admiralty.

*Marshall, Clinton & Wilson,* for appellant.

*Cook & Fitzgerald,* for appellee.

WALLACE, J.  Under the allegations in the libel, the libelant cannot be permitted to deny that he received on board his schooner all the cargo described in the bill of lading.  But the claimant, the consignee, accepted the cargo without insisting upon a tally by the carrier, and without making one himself, to ascertain whether all was delivered that was shipped.  Part of the cargo after its delivery to the consignee was permitted to remain exposed on the dock over night.  After the cargo was transferred from the dock to the cars the cars were sealed, and the cargo remained in them for about six weeks when a tally was made, and it was discovered that part of the cargo described in the bill of lading was missing.  The acceptance of the cargo by the claimant without objection was an acknowledgment that the carrier had performed his contract, and implied a promise to pay the freight, which the consignee was instructed to pay by the bill of lading upon delivery.  The testimony for the libelant tends to show that all the cargo received was delivered as strongly as the testimony for the claimant tends to show the contrary.  The affirmative of the issue is with the claimant, he having accepted delivery of the cargo.  His proofs are as unsatisfactory as those of the libelant.  It is as reasonable to infer that the missing part of the cargo was stolen upon the dock after it had been delivered to the consignee as that it was lost or misappropriated on the voyage.  The decree of the district court is affirmed, with costs.